370 So.2d 1342 (1979)
SUBSCRIBERS CASUALTY RECIPROCAL EXCHANGE
v.
Salvadore J. TOTARO.
No. 51166.
Supreme Court of Mississippi.
May 16, 1979.
Bryant & Stennis, Rae Bryant, Gulfport, for appellant.
Harold J. DeMetz, Gulfport, for appellee.
Before PATTERSON, C.J., and SUGG and COFER, JJ.
COFER, Justice, for the Court:
Appellee-cross appellant Salvadore J. Totaro was insured by appellant-cross appellee Subscribers Casualty Reciprocal Exchange, by a policy of insurance that promised to pay to Totaro, among other benefits, $50 per week for total disability for a maximum of 200 weeks. Other undertakings in the policy were fulfilled with promptness on appellant's part, but hesitancy to pay the total disability provision of the policy caused Totaro to bring this suit for specific performance, plus other relief presently to be mentioned.
The Chancery Court of the First Judicial District of Harrison County entered decree in favor of Totaro on the disability clause of the policy for the period of July 22, 1977, date of the commencement of his accident and injury, through February 10, 1978. It also found the delay on the appellant company's part to be of such inexcusable quality as to warrant allowance of punitive damages and attorney fees in the respective amounts of $10,000 and $1,500, the amounts prayed in Totaro's bill of complaint.
The company appealed to the Supreme Court assigning errors addressed to the allowance of the punitive damages and the attorney fees. Totaro took a cross appeal asserting error in limiting his recovery of disability benefits to the period ending February 10, 1978.
Punitive damages and attorney fees in conjunction therewith are not allowed in chancery court, in the absence of a statute authorizing the imposition thereof. Wilborn v. Balfour, 218 Miss. 791, 806, 67 So.2d 857, 864 (1953); Monsanto Company v. Cochran, 254 Miss. 399, 180 So.2d 624, 626 (1965); Avant v. Whitten, 253 So.2d 394, 396 (Miss. 1971); Carl v. Craft, 258 So.2d 237, 241 (Miss. 1972); and Gulf Steamship Companies v. Polk, 370 So.2d 1348 (Miss. *1343 1979). By choosing the chancery court for his forum, Totaro forewent whatever right he had as to punitive damages and attorney fees.
The cause must, therefore, be reversed and rendered on the direct appeal.
On Totaro's cross appeal, he was entitled to recover up to 200 weeks, or for such part thereof during which he was totally disabled. The policy provision as to what constitutes total disability during the first fifty-two weeks from its commencement (the end of which was substantially after February 10, 1978), is:
Any disability during the period of fifty-two weeks from its commencement shall be deemed total disability only if it shall continuously prevent the insured from performing every duty pertaining to his occupation.
The chancellor's allowance of recovery to February 10, 1978, is based in part on the testimony of Totaro's own physician, that Totaro could perform all reasonable activities except walking in rough terrain since February 10, 1978, when Totaro's disability to perform productive work ended. The chancellor's decision is supported by substantial evidence, and is affirmed.
REVERSED AND RENDERED ON DIRECT APPEAL; AFFIRMED ON CROSS APPEAL.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, and BOWLING, JJ., concur.
SMITH, P.J., took no part.