551 So.2d 906 (1989)
A.R. TAYLOR, Jr., et ux.,
v.
Len Ray HAYS and T.D. Lambert.
No. 07-58888.
Supreme Court of Mississippi.
October 18, 1989.
David E. Adams, Senatobia, for appellant.
R.M.P. Short, Sardis, for appellee.
Before ROY NOBLE LEE, C.J., and ANDERSON and PITTMAN, JJ.
*907 ROY NOBLE LEE, Chief Justice, For the Court:
A.R. Taylor, Jr., and Mrs. Marjorie P. Taylor, his wife, have appealed from a summary judgment entered against them and in favor of Len Ray Hays and T.D. Lambert in the Chancery Court of Panola County, removing an access easement from lands owned by Hays and Lambert. The appellants raise the following issues:

I.

DID THE LOWER COURT ERR IN DENYING APPELLANTS' MOTION FOR SUMMARY JUDGMENT?

II.

DID THE LOWER COURT ERR IN CHANGING THE LOCATION OF THE EASEMENT, WHICH HAD BEEN IN USE SINCE 1967, WITHOUT THE CONSENT OF BOTH PARTIES?

STATEMENT OF THE CASE
Prior to April 3, 1967, Mrs. A.G. McDonald owned two contiguous tracts of land in Panola County, Mississippi. Tract 1 was a small lot, which fronted on Sycamore Street in the Town of Como. Tract 2 was adjacent to Tract 1 and was approximately five (5) times the size of Tract 1. There was no entrance or exit to Tract 2 except over Tract 1. Mrs. McDonald conveyed Tract 2 to the appellants with the understanding that the appellants would have access to and from Tract 2 over a drive along the north edge of Tract 1, leading into Sycamore Street. However, no reference to, or condition of, easement was included in the deed from Mrs. McDonald to appellants.
Subsequently, Mrs. McDonald died and Lot 1 descended to the appellee Hays. The permissive use of the drive was continued until the Hays received an offer from Lambert to buy Tract 1 conditioned on the removal of the access route used by the appellants through the years.
The appellants live upon a tract of land approximately one hundred (100) feet from Tract 2, but it is not adjacent or contiguous to Tract 2. Lambert proposed to convey a right-of-way 122 ft. X 30 ft. extending from Tract 2 to Tract 4 to appellants, thereby causing Tract 2 and Tract 4 to be contiguous and providing access to and from Tract 2 by a different route than that over Tract 1. Appellants declined the offer.
There is no dispute in the facts of this case, and the law may be applied upon those facts even though they have not been fully developed. The statement of facts set out in appellants' brief follows:
As stated in the Complaint, the Plaintiff, T.D. Lambert, wishes to purchase certain real property owned by the Plaintiff, Len Ray Hayes, [sic] and others, who inherited this property from a Mrs. McDonald. This property joins other property formerly owned by Mrs. McDonald which was conveyed by Mrs. McDonald to the Defendants, Arthur R. Taylor, Jr. and wife, Marjorie P. Taylor on April 3, 1967. Mr. and Mrs. Taylor owned no adjoining property and with the permission of Mrs. McDonald began using Mrs. McDonald's driveway as ingress and egress to their lot. The Defendants have no other legal means of access to their property.
Sometime after the death of Mrs. McDonald, the Plaintiff, Lambert, offered to purchase the remaining McDonald property if the Taylor easement could be removed and offered to substitute another strip of land to allow the Defendants access from other property acquired by the Defendant, Marjorie P. Taylor, in 1961, in which Mr. Taylor has a homestead interest... . A plat ... shows (A) The property which Mr. Lambert wishes to purchase  Tract 1, (B) The lot conveyed to the Defendants on April 3, 1967  Tract 2, (C) The proposed easement  Tract 3, and (D) The property owned by Mrs. Taylor with a homestead interest in Mr. Taylor  Tract 4.
There being no genuine issue as to any material fact, no testimony was taken and the Court subsequently entered a decree in favor of the Plaintiffs substituting the proposed easement for the existing easement... .

*908 LAW
The appellants contend (1) that the lower court erred in denying their motion for summary judgment and (2) that the lower court erred in changing the location of the easement across Tract 1, which they had used since 1967, without the consent of all the parties.
We find no dispute between the parties as to what the law of this case is. We do not see that the authorities cited are in conflict. First, there must be a clear understanding of the type easement that the facts present to the Court, keeping in mind that there is no written instrument or provision in the original deed constituting an easement.
Mrs. McDonald orally gave the Taylors permission to use her drive across Tract 1 in order to enter Tract 2 from Sycamore Street. Therefore, the appellants have not obtained an easement by prescription, their use having been permissive through the years. The type easement in existence has been named an easement by implication in some cases and in other cases an easement by necessity. We think that, here, we are confronted with an easement by necessity, arising by implication.
In 1897, the case of Pleas v. Thomas, 75 Miss. 495, 22 So. 820 (1897), set forth the general rule that an easement by necessity arises by implied grant when a part of a commonly-owned tract of land is severed in such a way that either portion of the property has been rendered inaccessible except by passing over the other portion or by trespassing on the lands of another. The Court said:
It is well settled law that one who sells a parcel of land to another which is wholly surrounded by the other lands of the seller, impliedly grants a right of way to the interior lot so sold over the exterior lands retained. And when one sells his exterior and surrounding lands, but retains the interior lands for himself, the rule is the same as to a way of necessity over the exterior lands. And when one sells interior lands surrounded in part by the other lands of the seller and in part by the lands of strangers, the implied grant of a way to the interior land exists over the exterior lands of the seller. The reasons need not be sought afar, for they are obvious at a glance, and they are these  viz.: (1) The owner of the interior land could neither reach nor use his land unless a way to it existed or was capable of being brought into existence, the right to use, occupy and enjoy being essential to impart value to the land; and (2) this essential right is to be sought in the grant of the seller of the interior lot, and the buyer is not to be driven to seek to acquire a way over the lands of other adjoining owners. Naturally he would have, under such circumstances, no right to make and use a way over the lands of third parties, and, by law, he could only hope to do so by costly and vexatious proceedings, whereas, by the conveyance of the interior lot, everything was granted which was absolutely prerequisite to reaching and occupying and using the interior lot.
75 Miss. at 500, 22 So. at 820. Accord Warwick v. Pearl River Valley Water Supply Dist., 246 So.2d 525, 528 (Miss. 1971), Quin v. Sabine, 183 Miss. 375, 382, 183 So. 701 (1938).
Under the common law, easements or rights-of-way by necessity exist only so long as the necessity exists and the easement by necessity terminates when other access to the land-locked property becomes available. In Thornton v. McLeary, 161 Miss. 697, 702-703, 137 So. 785, 786-787 (1931), the Court held that a way of necessity had terminated when the owner of the dominant tenement acquired other abutting property which could provide access from the formerly land-locked parcel to a public road. The Court, citing other authority, stated the rule which applies today:
We find the rule thus stated in 19 C.J., p. 953, section 171: "While a right of way of necessity continues until some other lawful way has been acquired and ordinarily cannot be extinguished so long as the necessity continues to exist, nevertheless a way of necessity ceases as soon as the necessity to use it ceases. If the owner of a way of necessity acquires *909 other property over which he may pass, or if a public way is laid out which affords access to his premises, or if a new way is established by a judgment in partition, the right to a way of necessity ceases. .. ."
* * * * * *
The case of Pierce v. Selleck, 18 Conn. 321, is strikingly interesting as applied to the facts of the case at bar. That court said: "It is a fallacy to suppose that a right of way of necessity is a permanent right, and the way a permanent way, attached to the land itself, whatever may be its relative condition, and which may be conveyed by deed, irrespective of the continuing necessity of the grantee... . It is a principle true from the very nature of the case, and as such is recognized by all the authorities, that a way of necessity, whether it originates in the necessity of the party claiming it, or from the operation of deeds furnishing evidence of the intent of parties, where a necessity exists, is limited by the necessity which creates it, and is suspended or destroyed, whenever such necessity ceases."
161 Miss. 703, 137 So. 786-787. See also Parham v. Reddick, 537 So.2d 132, 135 (Fla.App. 1988); Fox Investments v. Thomas, 431 So.2d 1021, 1022 (Fla.App. 1983).
The appellees argue that the chancellor should be affirmed on the grounds of social utility:
In the present case Appellees cannot sell their property because of the easement by necessity. If a buyer purchases a parcel of land that is landlocked by the seller's land, then that landlocked parcel has no social utility. By creating a way of necessity through seller's land, social utility returns to the buyer's land. It is argued here by Appellees that the tables are turned and that the social utility of the seller's land is diminished by the dominant estate because of the way of necessity and that the Court should relocate the way of necessity to return social utility to the property of Appellees. In Stair vs. Miller, the Maryland Court of Appeals stated that it is well established that a way [of] necessity should be located so as to be the least onerous to the owner of the servient estate while, at the same time, being a reasonable convenience to the owner of the dominant estate. Stair vs. Miller, 52 MD [App. 108], 447 A. 2nd 109.
The decree entered by the lower court as to the substituted easement provided the following:
(C) That Defendants are awarded an easement from Tract 2 to Tract 4 over and across Tract 3 as described in Paragraph D of the Motion for Reconsideration of Order of Summary Judgment.
(D) That Plaintiffs, T.D. Lambert and wife, Norma Lambert, shall execute and deliver to the attorney for Defendants an easement over and across Tract 3 within 60 days.
(E) That Plaintiffs shall within 60 days prepare a right of way over and across Tract 3 making it usable for the purpose of ingress and egress from the West boundary of Tract 4 to the North boundary of Tract 2 and shall prepare said easement at their expense as follows:
1. Remove all trees and debris from Tract 3.
2. Raise and grade a roadbed so that water will not stand on the easement.
3. Place and smooth clay gravel 6 inches deep before compaction on the center 10 feet the entire length of the easement.
In making said improvements Plaintiffs shall not enter the property of Defendants as established by present fences.
The appellants apparently have relied upon the position that they have used the permissive easement across Tract 1 for so long that it cannot be changed or removed without their consent. We emphasize that the parties have agreed that the facts as stated are not in dispute. The appellants have not provided affidavits or depositions, which would indicate a loss, decrease in value, or even inconvenience to be incurred *910 by a substitution of the easement.[1] On the other hand, from observing plats of the property and considering the type road ordered by the chancellor, it appears that the new easement will be more convenient and will better accommodate the appellants than the easement across Tract 1.
We are of the opinion that on the undisputed facts of this case and on applying the law of this state to those facts, the lower court did not commit error in granting the summary judgment, and the judgment is affirmed.
AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
NOTES
[1] We do not address in this opinion a set of facts where the owner of the dominant tenement would be harmed, caused to sustain a financial loss, a value decrease in the property, etc. Just any kind of substituted easement might not suffice.

Also, we do not address a situation where the property owner had an agreement with the purchaser that the purchaser would have no access over and easement on his adjoining property. No such agreements are a part of the case sub judice. For instance, landowner might sell purchaser property for $10,000 with easement across the servient tenement or for $5,000 without such easement. Purchaser might be able to obtain other access from the landowners for a less amount and thus choose to purchase for the smaller consideration.