754 So.2d 1267 (1999)
Jesse ROGERS, Robert and Susan Strickland, Gilbert A. and Barbara J. Hall, Audrey T.C. and Virginia Oliver, Appellants,
v.
Clifton B. MARLIN, Packaging Corporation of America, Jimmie U. Crane and Johnny Crane, Appellees.
No. 97-CA-00614-COA.
Court of Appeals of Mississippi.
December 14, 1999.
*1269 T.K. Moffett, George S. Whitten, Jr., Tupelo, Attorneys for Appellants.
Raymond G. O'Neal, III, Fulton, Attorney for Appellees.
EN BANC.

ON MOTION FOR REHEARING
PAYNE, J., for the Court:

PROCEDURAL POSTURE
¶ 1. Following the Itawamba County Board of Supervisors's attempt to declare that the roads in question were public in character, appellants/cross-appellees (hereinafter Rogers, et al.) filed an action in the Chancery Court of Itawamba County seeking to reverse the actions of the Board of Supervisors and to prevent the appellees/cross-appellants (hereinafter Marlin, et al.) from using the roads in question to access their property. After the chancellor's finding that Marlin, et al. enjoyed a prescriptive easement over the property in question, Rogers, et al. filed this appeal.

FACTS
¶ 2. What at first blush appears to be a very complicated case in actuality can be reduced to a simple question of prescriptive easements and whether or not such rights were established in the case sub judice. This matter originated as a request by Clifton Marlin to the Itawamba County Board of Supervisors to declare two certain access ways public in character so that he might cross them in order to reach his property connected to these roads. The Board granted Marlin's request. Subsequently, the Board notified the affected landowners, and they sought a reconsideration by the Board of their decision. The Board declined the request.
¶ 3. The Board's denial of the request to reconsider the declaration making the roads in question public led Rogers, et al. to file an action in the Itawamba County Chancery Court against Marlin, et al. There are two different roads at issue involving different parties. However, Marlin is involved with both properties.
¶ 4. First, there is the Strickland-Marlin Road which crosses property held by the Stricklands and provides access to lands owned by Marlin and Packaging Corporation of America (a.k.a. Tenneco or PCA). Second, there is the Crane-Oliver Road which crosses property held by Rogers, the Olivers, and the Halls and provides access to land owned by Marlin and the Cranes. Following a three-day trial and the taking of extensive testimony, the submission of various exhibits, and the chancellor's personal view of the roads subject to the litigation, the chancellor determined *1270 that Marlin, et al. had prescriptive rights to cross the roads in question in order to reach their respective properties. Further, the chancellor decreed that the roads in question were not necessary for public use, but were vital for those having the right to enter the properties in question. Rogers and the Stricklands were allowed to erect fences and gates to protect their property from public entrance with the proviso that Marlin, the Cranes, and PCA be provided with keys to the barriers across the two roads. Also, the chancellor denied the request for monetary damages and attorneys fees and damages for Rogers, et al. Feeling aggrieved, Rogers, et al. filed this appeal which prompted Marlin, et al. to file a cross-appeal.

ISSUES PRESENTED
¶ 5. Rogers, et al. present the following five issues for our consideration:
I. WHETHER THE CHANCELLOR ERRED AS A MATTER OF LAW IN HOLDING THAT THE APPELLEES WERE ENTITLED TO PRESCRIPTIVE EASEMENTS OF NECESSITY OVER THE ROADS/TRAILS IN QUESTION
II. WHETHER THE CHANCELLOR ERRED IN FINDING THAT THE CRANES AND MARLIN ACQUIRED AN EASEMENT BY PRESCRIPTION OVER ROAD/TRAIL 2
III. WHETHER THE CHANCELLOR MANIFESTLY ERRED IN FINDING THAT MARLIN AND TENNECO ACQUIRED AN EASEMENT BY PRESCRIPTION OVER ROAD/TRAIL 1
IV. WHETHER THE CHANCELLOR ERRED IN DETERMINING THAT THE EASEMENTS EXISTED BASED ON ON-SITE VIEWS OF THE ROADS/TRAILS
V. WHETHER THE CHANCELLOR ERRED IN FAILING TO AWARD NOMINAL DAMAGES TO APPELLANTS/CROSS-APPELLEES AGAINST THE BOARD OF SUPERVISORS FOR TAKING APPELANTS'S LAND WITHOUT JUST COMPENSATION
¶ 6. In their cross-appeal, Marlin, et al. present four issues for our review:
I. WHETHER THE CHANCELLOR ERRED IN FAILING TO GRANT THE MOTION TO DISMISS FILED BY THE BOARD OF SUPERVISORS AND JOINED BY APPELLANTS, DUE TO THE FAILURE OF APPELLANTS/CROSS-APPELLEES TO APPEAL THE BOARD'S DECISION
II. WHETHER THE CHANCELLOR ERRED IN FAILING TO AWARD DAMAGES TO APPELLEES FOR LOSS OF TIMBER GROWTH AND FOR LACK OF ACCESS TO LAND
III. WHETHER THE CHANCELLOR ERRED IN FAILING TO AWARD ATTORNEY'S FEES TO APPELLEES AGAINST APPELLANTS/CROSS-APPELLEES
IV. WHETHER THE CHANCELLOR ERRED IN FINDING THAT DESPITE THE FACT THAT APPELLEES ENJOYED PRESCRIPTIVE RIGHTS, APPELLANTS/CROSS-APELLEES COULD STILL PLACE FENCES AND LOCKED GATES ON THE ROADS/TRAILS IN QUESTION
After carefully reviewing the record in this case, we are unable to find any grounds sufficient to warrant reversal. Accordingly, we affirm the chancellor's decision.

ANALYSIS & DISCUSSION

Preliminary Jurisdictional Matter
¶ 7. Both Rogers, et al. and Marlin, et al. assert that the chancellor invaded the powers of the Board of Supervisors in its action. Both parties contend that the exclusive remedy available to the Rogers, et al. in this action is found in the Mississippi Code which provides:
When any person shall desire to have a private road laid out through the land of another, when necessary for ingress and *1271 egress, he shall apply by petition, stating the facts and reasons, to the board of supervisors of the county, which shall, the owner of the land being notified at least five days before, determine the reasonableness of the application. If the petition be granted, the same proceedings shall be had thereon as in the case of a public road; but the damages assessed shall be paid by the person applying for the private road, and he shall pay all the costs and expenses incurred in the proceedings.
Miss.Code Ann. § 65-7-201 (Rev.1991). The parties contend that the sole and exclusive remedy available for determining whether an access way is public or private lies in the statutory authority given to the boards of supervisors. Rogers, et al. maintain that the chancellor erred in not specifically determining that the Board of Supervisors's actions were void for not following the statutory procedures, while Marlin, et al. contend that Rogers, et al. are without equitable remedy because they did not challenge the Board of Supervisors's decision in circuit court pursuant to Miss.Code Ann. § 11-51-75 (1972).
¶ 8. The Mississippi Constitution vests jurisdiction over real estate matters in the chancery court
And in addition to the jurisdiction heretofore exercised by the chancery court in suits to try title and to cancel deeds and other clouds upon title to real estate, it shall have jurisdiction in such cases to decree possession, and to displace possession; to decree rents and compensation for improvements and taxes; and in all cases where said court heretofore exercised jurisdiction, auxiliary to courts of common law, it may exercise such jurisdiction to grant the relief sought, although the legal remedy may not have been exhausted or the legal title established by a suit at law.
Miss. Const. Art. 6, § 160 (1890). Further, the supreme court has established that while statutory mechanisms for establishing public roads are provided for in the Mississippi Code, they do not impinge on equitable remedies available in our chancery courts, such as ways of necessity dealt with in Broadhead v. Terpening, 611 So.2d 949, 954 (Miss.1992) and prescriptive easements found in the case sub judice.
¶ 9. Therefore, we find the chancellor was within his full rights when he took jurisdiction of this matter between the parties and crafted the remedy now before us for review. The chancellor, in his opinion and judgement, effectively removed the Board of Supervisors from the instant litigation by rejecting the claim that § 65-7-201 of the Mississippi Code provided the sole and exclusive remedy in this case. Accordingly, this litigation, then, is but a dispute regarding easements and rights of access between the property owners and not a dispute over the private/public character of the property. Thus, we reject the suggestion that the chancellor was without proper jurisdiction to dispose of this matter, and we now turn to the remaining issues presented by the parties in their respective briefs.

Standard of Review
¶ 10. We begin by stating our well-settled standard for reviewing decisions rendered by our chancery courts: "Chancellors are vested with broad discretion, and this Court will not disturb the chancellor's findings unless the court's actions were manifestly wrong, the court abused its discretion, or the court applied an erroneous legal standard." Andrews v. Williams, 723 So.2d 1175, 1177 (Miss.Ct.App.1998) (citing Sandlin v. Sandlin, 699 So.2d 1198, 1203 (Miss.1997); Johnson v. Johnson, 650 So.2d 1281, 1285 (Miss.1994); Crow v. Crow, 622 So.2d 1226, 1228 (Miss.1993); Gregg v. Montgomery, 587 So.2d 928, 931 (Miss.1991)).

I. Whether the Chancellor Erred as a Matter of Law in Holding That The Appellees Were Entitled to Prescriptive Easements of Necessity over the Roads/ Trails in Question?
¶ 11. First, Rogers, et al. argue that chancellor manifestly erred in determining *1272 that Marlin, et al. were entitled to a prescriptive easement by necessity for access to the property in question, arguing that necessity is not an element of a prescriptive easement. Rogers et al. are correct that the easement which the chancellor recognized was not "a way of necessity" as that phrase is used as a "term of art," which carries certain connotations and requirements. In order for there to be a way of necessity, the land must have come from a common owner somewhere back in its chain of title. When the common owner begins to divide up his land, he is not allowed to leave other parts of it landlocked with no way out to the public road. Therefore, the owner of the landlocked land (dominant tenement) is granted the right to cross the property with access to the public road (servient tenement) without additional cost to the dominant tenement owner. That is a whole body of law unto itself which is not being argued by any of the parties here. Since the essential factual basis is not present, the legal arguments about "ways of necessity" are irrelevant, and we find nothing in the chancellor's ruling to indicate his reliance on such law.[1]
¶ 12. While Rogers, et al. are correct that necessity is not an element of a prescriptive easement, it avails them nothing, as no "way of necessity" was established. What the chancellor found was simply a prescriptive easement. The requisite elements for the establishment of an easement by prescription are: that the use is (1) open, notorious and visible; (2) hostile; (3) under claim of ownership; (4) exclusive; (5) peaceful; and (6) continuous and uninterrupted for ten years. Myers v. Blair, 611 So.2d 969, 971 (Miss.1992) (citing Dethlefs v. Beau Maison Dev. Corp., 511 So.2d 112 (Miss.1987) (other citations omitted)). It is true that necessity is not an element of a prescriptive easement. However, we read the chancellor's order as not finding that necessity was an element of the declared prescriptive easement.
¶ 13. The chancellor's order first finds that there is a prescriptive easement with regard to both Road/Trail 1 (Strickland-Marlin Road)' and Road/Trail 2 (Crane-Oliver Road). Only later in the order does the chancellor note that both roads in question are necessary, but after having found that prescriptive easements existed. As the chancellor found that prescriptive easements existed prior to his mention of the necessity for the passageways, we find that the chancellor's language regarding necessity is only surplusage. Finding no abuse of discretion, no manifest error, and no erroneous application of the law, we overrule this assignment of error and affirm.
II. Whether the Chancellor Erred in Finding That the Cranes and Marlin Acquired an Easement by Prescription over Road/Trail 2?
III. Whether the Chancellor Manifestly Erred in Finding That Marlin and Tenneco Acquired an Easement by Prescription over Road/Trail 1?
¶ 14. Rogers, et al. next contest the chancellor's findings as to the Cranes and Marlins having prescriptive rights over the Crane-Oliver Road and as to Tenneco's and Marlin's having prescriptive rights over the Strickland-Marlin Road. As stated earlier, several witnesses testified as to the character of the two passes. It is well-settled that "[w]here conflicting testimony is presented, expert and otherwise, the chancellor is required to make a judgment on the credibility of the witnesses in order to resolve the questions before the court." Turnley v. Turnley, 726 So.2d 1258, 1264 (Miss.Ct.App.1998) (citing Broadhead v. Bonita Lakes Mall, Ltd. Partnership, 702 So.2d 92, 101 (Miss.1997)).
*1273 ¶ 15. There was voluminous testimony taken from no fewer than fifteen witnesses, both interested and disinterested in the outcome of this litigation and some supporting Rogers, et al. and some supporting Marlin, et al. We are satisfied that there was sufficient evidence on which the chancellor could properly craft the remedy which we have before us today for our review. Accordingly, having identified no manifest error, abuse of discretion, or erroneous application of law committed by the chancellor, we affirm.

IV. Whether the Chancellor Erred in Determining That the Easements Existed Based on On-Site Views of the Roads/Trails?
¶ 16. Next, Rogers, et al. maintain that the chancellor manifestly erred in relying in part on the trial court's own visual inspection of the property as a basis for determining that the prescriptive easements existed. They maintain that the view of the roads at the time of the trial was vastly different from before the pleadings were filed. Accordingly, they assert that the chancellor's basing his decision in part on the visual inspection was inappropriate.
¶ 17. In Wisdom v. Stegall, 219 Miss. 776, 782, 70 So.2d 43, 45 (1954), the Mississippi Supreme Court found prejudicial error where a chancellor sua sponte, in a matter involving a dispute over property, went to the premises with a surveyor and inspected the property. Subsequently, the chancellor prohibited the parties from cross-examining the surveyor, and the chancellor issued his opinion based on that survey. However, the larger issue in Stegall was whether or not the parties should have been allowed to examine the surveyor in court regarding his work and expertise. In the case sub judice, the chancellor went to the property, accompanied by the chancery clerk, to view the subject matter of the litigation. We find no fault in the chancellor's viewing of the property. There is no evidence that the chancellor's decision would have been different but for his inspection of the roads/trails. Unlike in Stegall, the chancellor did not rely on any survey or other evidence which the parties were prevented from cross-examining. Further, we find videotapes of the property that were admitted into evidence taken after the litigation was filed. These tapes would seemingly appear to show nothing more than what the chancellor saw in his personal inspection. Therefore, we overrule this assignment of error.

V. Whether the Chancellor Erred in Failing to Award Nominal Damages to the Appellants Against the Board of Supervisors for Taking Appellants's Land Without Just Compensation?
¶ 18. As set forth in our opening discussion regarding the jurisdictional matter, the Board of Supervisors was effectively removed from this litigation by the chancellor in his opinion and judgment in this matter. Thus, the issue of whether or not the Board of Supervisors was liable for damages to Rogers, et al. is a moot point since they are not a party to this appeal. Accordingly, we decline to reach this issue. Similarly, damages are never a part of adverse possession, which is what a prescriptive easement is. Unlike eminent domain or a petition for a public way across the property of another without the benefit of the law of dominant/servient tenements, the original owner of the property over which the prescriptive easement in question runs has long since forfeited his right to demand payment for the easement over his property.

CROSS-APPEAL

I) Whether the Chancellor Erred in Failing to Grant the Motion to Dismiss Filed by the Board of Supervisors and Joined by Appellants, Due to Appellants/Cross-Appellees Failure to Appeal the Board's Decision to the Circuit Court?
¶ 19. In their cross-appeal, Marlin, et al. first raise a jurisdictional question regarding whether the chancellor erred in *1274 failing to dismiss the complaint in this matter because Rogers, et al. did not appeal the Board of Supervisors's decision to the circuit court. As discussed in our resolution of the jurisdictional matter, an available legal remedy for having a passageway declared a public road is found in the Miss.Code Ann. § 65-7-201 (Rev. 1991). However, that legal remedy in no way affects the chancery court's equity powers. Broadhead v. Terpening, 611 So.2d 949, 954 (Miss.1992). Accordingly, the chancellor was not in error to deny the motion to dismiss based on the argument that the chancery court did not have jurisdiction. Therefore, we overrule this point of the cross-appeal.

II) Whether the Chancellor Erred in Failing to Award Damages to Appellees for Loss of Timber Growth and for Lack of Access to Land?
¶ 20. Marlin, et al. next contend that the chancellor erred in not awarding them damages for loss of timber growth and for lack of access to the land. Relying on Marlin's "guess" that the rate of growth on his property is about nine percent, Marlin, et al. say that since Marlin was a retired forester, he could give an opinion as to the damage. While this may or may not be true, Marlin certainly was not disinterested in the outcome of the litigation and such an award. We find no other proof presented as to the alleged loss of timber growth and therefore find that the chancellor was correct in refusing to make such a damage award. It is true that in eminent domain cases where the sole issue is damages to be awarded, the owner may give his opinion on the value of the land to be taken. Potters II v. State Highway Comm'n. of Miss., 608 So.2d 1227, 1234 (Miss.1992). However, that law does not avail here for damages for lack of profit on timber not grown.
¶ 21. Next, the issue of damages for loss of access to the land is presented. Drawing parallels to the well-defined body of law for trespass, Marlin, et al. contend that they are entitled to trespass damages because Strickland and Rogers blocked access to the Marlin property and point to the threat allegedly levied against Marlin by Oliver's children. However, the chancellor specifically stated that he was not awarding damages to either party because he found no damage had occurred. It is evident from our reading of the record, and as the chancellor set forth in his order, that both parties acted with a good faith belief that they were correctMarlin, et al. believed that the passageways were public, while Rogers, et al. believed that the passageways were private. Based on the record before us, we cannot say that the chancellor manifestly erred in denying an award of damages for loss of access to land. Accordingly, we affirm the chancellor's denial of such damages.

III) Whether the Chancellor Erred in Failing to Award Attorney's Fees to Appellees Against Appellants/Cross-Appellees?
¶ 22. Next, Marlin, et al. allege error by the chancellor because he failed to make an award of attorney's fees. "With the sole exception of punitive damages cases, in the absence of contractual provision or statutory authority therefor, this Court has never approved awarding trial expenses and attorney's fees to the successful litigant. It has consistently been our view that such expenses are not allowable as part of the costs." Grisham v. Hinton, 490 So.2d 1201, 1205-06 (Miss. 1986) (citing Stanton & Associates, Inc. v. Bryant Const. Co., Inc., 464 So.2d 499 (Miss.1985); Gardner v. Jones, 464 So.2d 1144 (Miss.1985); Litten v. Grenada County, 437 So.2d 387 (Miss.1983); Subscribers Cas. Reciprocal Exchange v. Totaro, 370 So.2d 1342 (Miss.1979) (other citation omitted)). As there was no statutory authority for the allowance of attorney's fees in this dispute, no contractual agreement between the parties providing for responsibility for attorney's fees, and no award of punitive damages to Marlin, et al., the denial of *1275 attorney's fees was appropriate. Accordingly, we overrule this point of the cross-appeal.

IV) Whether the Chancellor Erred in Finding That Despite the Fact That Appellees Enjoyed Prescriptive Rights, Appellants/Cross-Appellees Could Still Place Fences and Locked Gates on the Roads/Trails in Question?
¶ 23. As their final point of contention, Marlin, et al. maintain that the chancellor erred by granting Marlin, Tenneco, and the Cranes prescriptive rights and then allowing Rogers and Strickland the right to erect barriers across the roads. This argument is clearly without merit. While Marlin, Tenneco, and the Cranes have prescriptive rights over the passageways in question, the chancellor ordered that they be provided with keys to any locks placed on the barriers that Strickland or Rogers may choose to maintain across the roads to prevent other persons without prescriptive rights from utilizing the roads. See Rowell v. Turnage, 618 So.2d 81, 84-86 (Miss.1993). This issue would have been of import only if we had determined that the passageways were public in character. As that is a non-issue, we overrule this point of the cross-appeal.
¶ 24. THE JUDGMENT OF THE ITAWAMBA COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL AND CROSS-APPEAL ARE TAXED ONE-HALF TO APPELLANTS/CROSS-APPELLEES AND ONE-HALF TO APPELLEES/CROSS-APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, LEE, AND THOMAS, JJ., CONCUR. IRVING AND MOORE, JJ., NOT PARTICIPATING.
NOTES
[1] As noted in our introductory discussion of the jurisdictional matter, Broadhead v. Terpening, 611 So.2d 949 (Miss.1992), dealt with ways of necessity, which are of no substantive relevance to the case sub judice.