JAMES, J.,
concurring in part and dissenting in part:
¶ 32. I agree with the majority opinion that the circuit did not err in denying *596 King’s claim to a prescriptive easement. However, excluding the survey plat from evidence and changing the dismissal of the easement by necessity from a dismissal without prejudice to a dismissal with prejudice resulted in an abuse of discretion. Therefore, I respectfully dissent.
Denial of Survey Plat into Evidence
¶ S3. King argues that the sketch of the survey plat should have been admitted into evidence because it was a part of regularly kept business records, an exception to the hearsay rule. King contends that because Henry D. Purvis III was qualified as an expert witness by the trial court and the successor to the surveying business, the plat should have been introduced by his testimony. According to King, Purvis’s testimony about the sketch concerned a regularly kept business record, confirming its accuracy.
¶ 34. An appellate court reviews “a trial court’s exclusion of evidence under an abuse-of-discretion standard, and where [it] find[s] a trial court has erred, [it] will not reverse unless the error adversely affects a party’s substantial right.” Heflin v. Merrill, 154 So.3d 857, 860 (¶ 9) (Miss.2014). “Relevancy and admissibility of evidence are largely within the discretion of the trial court, and the trial court’s decision will only be reversed where that discretion has been abused.” In re Dissolution of Marriage of Spriggs, 149 So.3d 517, 526 (¶ 39) (Miss.Ct.App.2014) (citing Terrain Enters., Inc. v. Mockbee, 654 So.2d 112, 1128 (Miss.1995)).
¶ 35. Also, we have previously stated:
Mississippi Rule of Evidence 801(c) defines hearsay as[] “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” The threshold question when addressing a hearsay issue is whether the statement is actually hearsay.
Blakeney v. State, 39 So.3d 1001, 1010 (¶ 26) (Miss.Ct.App.2010). Purvis referred to the survey plat sketch that was prepared by Purvis’s predecessor before his death, making the plat hearsay. King attempted to use the plat as evidence of the existence of the boundary lines between his and Gale’s properties. “Hearsay evidence is inadmissible unless it falls within one of the known exceptions.” Miss. Gaming Comm’n v. Freeman, 747 So.2d 231, 242 (¶ 42) (Miss.1999).
¶ 36. King claims the sketch falls under the business-records exception. In order to establish the foundational requirements for admitting evidence under the business-record exception, the following elements are required:
1) the statement is in written or recorded form; 2) the record concerns acts, events, conditions, opinions or diagnoses; 3) the record was made at or near the time of the matter recorded; 4) the source of the information had personal knowledge of the matter; 5) the record was kept in the course of regular business activity; and 6) it was the regular practice of the business activity to make the record.
Dillon v. Greenbriar Digging Serv., Ltd., 919 So.2d 172, 175 (¶ 8) (Miss.Ct.App.2005) (citing Flowers v. State, 773 So.2d 309, 322 (¶ 72) (Miss.2000)). Although the plat satisfies several requirements, it does not fulfill all of them. When testifying, Purvis admitted that although he was working with the surveyor who was the author of the sketch, he was “working on the rod” and was an apprentice at the time the sketch was made. It is unclear whether or not Purvis had personal knowledge of what was contained in the sketch. The trial court did not abuse its discretion when it disallowed the admission of the survey into *597 evidence and dismissed the easement by necessity without prejudice. However, to disallow the survey and dismiss the easement with prejudice results in an abuse of discretion. It is clear that it was within the chancellor’s discretion to allow the admission of the evidence. The dismissal with prejudice resulted in harm or prejudice to King, and it adversely affected his substantial rights. This constitutes reversible error. See Terrain Enters., 654 So.2d at 1131.
Easement by Necessity
¶ 37. King argues that, other than Gale’s property, there were no practical ways to gain access to the public road. King contends that the other proposed ways to gain access to a public road were impractical because they were heavily wooded and had large ditches.
¶ 38. “A claimant seeking an easement by necessity has the burden of proof and must establish that he is entitled to a right of way across another’s land.” Fike v. Shelton, 860 So.2d 1227, 1230 (¶ 11) (Miss.Ct.App.2003) (citing Broadhead v. Terpening, 611 So.2d 949, 954 (Miss.1992)). King “must demonstrate strict necessity and is required to prove there is no other means of access.” Id. An easement by necessity may be established by proving reasonable necessity instead of absolute necessity. Evanna Plantation, Inc. v. Thomas, 999 So.2d 442, 446 (¶ 12) (Miss.Ct.App.2009). In order to determine what is reasonably necessary, “the operative consideration is “whether an alternative would involve disproportionate expense and inconvenience.’ ” Id.
¶ 39. Since 2003, King had not used the easement, yet King continued to visit the property by crossing another neighbor’s property. We have previously stated that “an easement by necessity will not be awarded when the only evidence presented was that an alternative route would be longer and less convenient. Where one seeks to obtain a “way of access’ easement by necessity[,] but submits no evidence as to the allegedly higher costs of an alternative route, a trial court will not err in declining to award an easement.” Harkness v. Butterworth Hunting Club, Inc., 58 So.3d 703, 708 (¶ 14) (Miss.Ct.App.2011). King does not offer sufficient evidence of any additional costs or impractical alternative routes. Therefore, I find that the trial court did not err in refusing to establish an easement by necessity.
¶ 40. However, the easement by necessity also failed because the survey was not admitted into evidence and no alternative route was shown along with the expenses for creating the route. The chancellor abused his discretion in attempting to dismiss the easement by necessity with prejudice after he initially dismissed the easement by necessity without prejudice. As persuasive authority, in the case of Hutchinson v. City of Madison, 987 N.E.2d 539 (Ind.Ct.App.2013), the court allowed a dismissal without prejudice to allow the City to include an appraisal of the real property in order to refile its condemnation proceeding. Hutchinson argued that the counterclaim should be dismissed with prejudice because the hearing was an adjudication on the merits. The judge stated, “We are not convinced that the failure to comply with Indiana Code Section 32-24-l-3(c) forever bars the state from acquiring property.” Id. at 542. Chancellors have broad discretion to fashion remedies to avoid an inequitable dilemma. Borne v. Estate of Carraway, 118 So.3d 571, 592 (¶ 65) (Miss.2013). In Mississippi State Highway v. Morgan, 248 Miss. 631, 638, 160 So.2d 77, 80 (1964), the Court held that the highway commission abused its discretion in seeking to condemn an easement, and the judgment of the circuit court was affirmed without prejudice to any other *598 rights or remedies, if any, which might be asserted by the parties. It should be noted, however, that the subject of this case is a condemnation proceeding by the State. I do not see why the same logic should not be applied to individuals in cases where injustice would result. If King is not allowed to refile his complaint to pursue his petition for an easement by necessity, his property will remain landlocked.
¶ 41. In the court’s order dated June 29, 2012, the court entered its Order on Plaintiffs Motion to Dismiss and for Withdrawal of Motion for New Trial as to the easement by necessity. In this order, the court also set the hearing on the prescriptive easement for November 5, 2012. In the court’s order, the court changed its order from a dismissal of the easement by necessity without prejudice to a dismissal with prejudice, which would leave King without a remedy. Also, I note that under Mississippi Rule of Civil Procedure 52(b) a judgment must be amended within ten days of the Mississippi Rule of Civil Procedure 41(b) dismissal. The order of dismissal without prejudice was signed on January 30, 2012, and filed on February 1, 2012. The judge labeled the change as a clarification, but it was in the nature of an amendment.[3] The amendment was done outside of the ten-day period as required by the rule.
¶42. The majority opinion states that the petition should be dismissed without prejudice. However, as previously stated, the judgment must be amended within ten days pursuant to Rule 52(b). Also, our courts have established precedence in affirming judgments without prejudice. See Pierce v. State, 811 So.2d 395, 397 (¶ 7) (Miss.Ct.App.2001).
¶43. Also, it is noted that in King’s motion to dismiss and for withdrawal of the motion for a new trial, King stated:
Plaintiff would show that it is his desire to withdraw his motion for new trial and allow the Court’s ruling of January 30, 2012[,] to stand, provided all other issues in the Plaintiffs complaint and amended complaints are dismissed without prejudice.
King relied on the judge’s order that he was dismissing the easement by necessity without prejudice. The majority opinion states that Rule 54(b) allows an order to be revised at any time before the judgment adjudicating all of the claims. This is true for a revision. However, the trial court dismissal with prejudice was a substantial amendment that prejudiced the Appellant.[4]
¶ 44. As a result, I would reverse the dismissal of the easement by necessity with prejudice, and affirm the dismissal of the easement by necessity without prejudice to King’s right to file a petition for an easement by necessity.

. "An amended judgment refers to a trial court correcting a substantive error in an original judgment.... [A]n amended judgment should be issued within 10 days of the original judgment." http://definitions.uslegal. com/a/amended-judgment/ (citing Fed. R.Civ.P. 59(e)).

. "Revise — a reexamination or careful review for conclusion or improvement. A revision can occur only if it will not materially prejudice the accused.” Black’s Law Dictionary 1434 (9th ed.2009).