McMILLIN, C. J.,
for the Court:
¶ 1. Marshall E. Pierce, Jr. pled guilty in the Circuit Court of Walthall County to two counts of using profane and indecent language over the telephone with the intent to abuse, threaten, or harass another person in violation of Section 97-29-45 of the Mississippi Code. Pierce was sentenced to serve two years on each count with the sentences to run consecutively. However, the court also suspended the second year of each sentence subject to a post-release probationary period of five years.
¶2. Pierce, after entering the prison population at Parehman, apparently became dissatisfied with the outcome of his case and filed a motion in the circuit court for an order requiring that he be furnished without cost to him the records of his case, including a transcript of all proceedings leading up to his guilty plea and sentencing. The trial court denied the motion based on a finding that Pierce failed to demonstrate a specific need for the documents.
¶ 3. Pierce filed a notice of appeal to this Court from that ruling. In his pro se brief in this appeal, Pierce purports to raise three issues. First, he advances an argument that seems to contend that the trial court failed to satisfy itself that a factual basis existed indicating that Pierce actually committed the crimes charged. See, e.g., Corley v. State, 585 So.2d 765, 767 (Miss.1991). Secondly, he claims that error was committed by the trial court in “[djenying Petitioner copy of court records and transcript of plea of guilty.” Thirdly, Pierce appears to urge that the trial court erred by sentencing him to a term in excess of that permitted by the applicable statute.
¶ 4. Neither the first issue nor the third issue have been previously submitted to the trial court for ruling and, thus, may not be considered by this Court for the first time on appeal. Miss.Code Ann. § 99-39-21(1) (Rev.2000); Williams v. State, 752 So.2d 477(¶ 7) (Miss.Ct.App.1999). The sole issue presented for ruling by the circuit court was Pierce’s request for free copies of his case records including *397 a transcript of his guilty plea, which request was denied by the trial court.
¶5. The trial court’s denial was based upon a finding of fact that Pierce had failed to meet his burden to obtain relief, i.e., that he did not demonstrate “a specific need [for the records], or that the documents sought are necessary to decide a specific issue.” Fleming v. State, 553 So.2d 505, 507 (Miss.1989). Though Pierce raised this denial as error in his appeal, his brief sets out no factual basis to demonstrate the trial court’s error, nor does he advance any argument based on law or logic that would suggest some error on the trial court’s part. Aside from setting out the issue in his Statement of the Issues, Pierce’s brief is entirely silent on this subject. Rather, his entire brief is committed to an argument on the merits of his first issue; namely, the lack of evidence to support an acceptance of his guilty plea. This Court has no obligation to consider issues raised but not briefed. Misso v. Oliver, 666 So.2d 1366, 1369-70 (Miss.1996). We, therefore, decline to find error in the trial court’s decision not to order that Pierce be furnished a copy of the transcript of his guilty plea and other court records.
¶ 6. Since that is the sole issue properly before the Court in this appeal, it is our duty to affirm the judgment of the trial court. However, in order to avoid any misunderstanding, we also observe that our failure to afford Pierce any relief as to issues one and three is without prejudice to those matters being raised in a timely post-conviction relief motion. We further observe that, based upon our understanding of Pierce’s argument on the third issue, no transcript of the guilty plea hearing would be required since the issue of whether the sentence handed down exceeds that permitted by the statute is a matter that can be resolved without such a transcript.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF WALTHALL COUNTY IS AFFIRMED WITHOUT PREJUDICE TO PIERCE’S RIGHT TO FILE FOR POST CONVICTION RELIEF. COSTS OF THIS APPEAL ARE ASSESSED TO WALTHALL COUNTY.
KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.