McMILLIN, C.J., for the Court:
¶ 1. C.D. Pickle, Jr., a prisoner in the custody of the Mississippi Department of Corrections, has appealed to,this Court from an order of the Circuit Court of Sunflower County denying his petition for writ of mandamus to compel the Mississippi State Parole Board (hereafter “the Board”) to conduct annual reviews of his eligibility .for parole. Finding no error in the circuit court’s ruling, we affirm.
¶ 2. According to Pickle’s pleadings, he was considered for parole by the Board and denied release in April 2001. Pickle offers no dispute as to this aspect of the Board’s decision; however, the Board’s ruling also apparently contained a provision that no further review of Pickle’s eli *196 gibility would be undertaken for a period of five years.
¶ 3. Pickle contends that this portion of the Board’s decision violates the mandates of an amendment to Section 47-7-5 of the Mississippi Code adopted in 2000 that reads as follows:
The State Parole Board, immediately after the effective date of this act, shall review all cases where an offender was denied parole and any eligibility for reconsideration for parole for at least one (1) year after denial.
Miss.Code Ann. § 47-7-5(7) (Rev.2000) (repealed July 1, 2002).
¶ 4. Pickle argues that this provision requires that every potentially eligible inmate receive reconsideration for parole on an annual basis. The Parole Board, on the other hand, contends that this subsection required only a one-time action by the Board. Additionally, the Board points out that Section 47-7-5 was further amended in 2002 and that the language quoted above was removed.
It is a well recognized principle of law in this State that ambiguity must exist in the language used by the Legislature in a statute before resort will be had to any rules of statutory construction or interpretation. Without ambiguity, the controlling law of this State requires that the Court look no further than the clear language of the statute and apply it.
Forman v. Carter, 269 So.2d 865, 868 (Miss.1972) (emphasis supplied).
¶ 5. It is the view of this Court that a plain reading of the passage in question indicates that the Legislature intended to mandate a one-time review in the year 2000 of all inmates then falling within the class of offenders defined in the subsection. Had the Legislature intended to institute an on-going requirement that, henceforth, all potentially-eligible inmates would receive at least an annual formal evaluation of eligibility, we are satisfied that it would have said so in clear terms. We decline to undertake the strained reading of this passage that would be required to obtain from it the meaning Pickle contends is there.
¶ 6. In his appeal for the first time, Pickle also contends that, if the law is interpreted as permitting the Board such virtually unlimited discretion in deciding when to undertake formal consideration of an inmate’s parole eligibility, the laws creating the Board are unconstitutional for having vested too much unchecked discretion in the Board. Matters not presented to the trial court for decision may not be raised for the first time on appeal. Pierce v. State, 811 So.2d 395, 396(¶ 4) (Miss.Ct.App.2001). We find this contention to be procedurally barred.
¶ 7. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.