# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00242-COA

**EDDIE CHARLES WILLIAMS A/K/A EDDIE C.**                              **APPELLANT**
**WILLIAMS A/K/A EDDIE WILLIAMS**

**v.**

**STATE OF MISSISSIPPI**                                                      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/22/2014 |
| TRIAL JUDGE: | HON. LESTER F. WILLIAMSON JR. |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDDIE CHARLES WILLIAMS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED – 03/10/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND MAXWELL, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.    Eddie Charles Williams filed a pro se motion for post-conviction relief (PCR), which the circuit court summarily dismissed. Feeling aggrieved, Williams appeals and argues that his attorney was ineffective, and the circuit court erred because his plea was not made voluntarily inasmuch as it was made in reliance upon misinformation provided by his trial counsel and the assistant district attorney (ADA) regarding his eligibility for parole.

¶2.    Finding no error, we affirm.

### FACTS

¶3.     On December 10, 1997, Williams submitted his petition to enter a plea of guilty to armed robbery. A hearing on the petition was held on December 11, 1997, where Williams admitted that on October 10, 1996, he "willfully, unlawfully, and feloniously took the personal property of Red Apple Truck Stop[,] which consisted of an undetermined amount of cash from the person and presence of Lynette Mapps, an employee of Red Apple Truck Stop, against her will by exhibiting a pistol," and that his actions "put [Mapp] in fear of immediate injury to her person."

¶4.     During Williams's guilty-plea hearing, the circuit court advised and questioned Williams about his understanding of the charges against him. Williams stated that he understood the rights he was waiving by pleading guilty and acknowledged that the State recommended a sentence of thirty years. Thereafter, the following colloquy occurred:

> COURT:     Eddie, do you understand that a thirty year sentence of armed robbery, that you'll probably end up having to serve or you will end up having to serve all thirty years of that sentence?
>
> WILLIAMS: Yes, Sir.

At this point, the circuit court asked the ADA to clarify whether Williams was eligible for parole in ten years, to which the ADA incorrectly responded, "My understanding it is still the first ten years."[1] Nonetheless, the circuit court reiterated that Williams could serve all thirty years of his sentence but mentioned that "it may be that they may release you in 27, 28 years but it is going to be a long sentence. Do you understand that?" Williams's response

_____

[1] The statute once allowed for parole; however, it was amended and now states: "A person who is convicted of robbery through the display of a firearm is not eligible for parole." Miss. Code Ann. § 47-7-3 (Supp. 2014).

was, "Yes, sir." Thereafter, the circuit court again asked Williams if he still wanted to plead guilty. Williams again responded, "Yes, sir." The circuit court then accepted Williams's guilty plea and, as recommended by the State, sentenced him to thirty years in the custody of Mississippi Department of Corrections with credit for time served. On March 12, 2013, Williams filed his PCR motion, which, as stated, was summarily dismissed.

DISCUSSION

¶5. The circuit court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Supp. 2014). An appellate court will not reverse a circuit court's dismissal of a PCR motion unless the circuit court's decision was clearly erroneous. *See Means v. State*, 43 So. 3d 438, 441 (¶6) (Miss. 2010) (citations omitted). However, questions of law are reviewed de novo. *Id.* A defendant must file his PCR motion within three years of the entry of the judgment of conviction. *See* Miss. Code Ann. § 99-39-5(2) (Supp. 2014).

¶6. In this case, the circuit court entered a judgment of conviction on December 11, 1997, and Williams filed this PCR motion over fifteen years later. Williams asserts that, although his PCR motion is not timely, he has overcome the procedural bar by asserting his fundamental right to be free from an illegal sentence. Specifically Williams argues that, in deciding to plead guilty, he relied upon the erroneous advice of his attorney and the statement by the ADA that he would be eligible for parole in ten years. As stated, Williams argues that his reliance on this misinformation rendered his plea involuntary, as he would not have pleaded guilty had he known he would have to serve the entire term of his sentence. As a

3

result, Williams concludes his sentence is illegal, notwithstanding the fact that his sentence is well within the limits prescribed by the armed robbery statute.

¶7. The Mississippi Supreme Court has held that "errors affecting fundamental constitutional rights, such as the right to a legal sentence, may be excepted from procedural bars which would otherwise prevent their consideration." *Ivy v. State,* 731 So. 2d 601, 603 (¶13) (Miss. 1999). "The burden falls on the movant to show he has met a statutory exception." *White v. State*, 59 So. 3d 633, 635 (¶8) (Miss. Ct. App. 2011) (citing *Adams v. State*, 954 So. 2d 1051, 1053 (¶7) (Miss. Ct. App. 2007)).

¶8. In *Brown v. State*, 923 So. 2d 258, 260 (¶4) (Miss. Ct. App. 2006), a case cited by the State, this Court held that asserting a claim of an illegal sentence is not a "back door" method for raising an untimely PCR motion. Furthermore, "[a]n illegal sentence . . . is one which exceeds the statutory maximum." *Id.* Here, Williams's sentence is not illegal since the maximum sentence for armed robbery is life imprisonment, and he was sentenced to only thirty years' imprisonment. *See* Miss Code Ann. § 97-3-79 (Rev. 2014).

¶9. Williams's next argument, that the involuntariness of his guilty plea overcomes the procedural bar, is also without merit. In *Trotter v. State*, 907 So. 2d 397, 403 (¶17) (Miss. Ct. App. 2005) (citation omitted), this Court rejected the same argument and explained that "[s]uch claims are subject to the three-year time[-]bar . . . ."

¶10. Procedural bar notwithstanding, the record belies Williams's allegations. The plea-hearing transcript reflects that, despite the inaccurate information relayed to the circuit court about Williams's parole eligibility, the circuit court informed Williams that he was still likely to serve thirty years, with credit for time served. Therefore, any misgivings Williams may

4

have had about how much time he would have to serve were cleared up prior to his pleading guilty, and the plea colloquy clearly shows that his plea of guilty was freely and voluntarily made.

¶11.    In short, while there are exceptions to the procedural time-bar, Williams has failed to prove that an exception applies.  We pretermit discussion on the ineffective-assistance-of-counsel claim since the procedural bar has not been overcome.  Furthermore, the record does not demonstrate that the circuit court's dismissal of Williams's PCR motion was clearly erroneous.  Accordingly, we affirm.

¶12.    **THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY**.

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.  ROBERTS, J., NOT PARTICIPATING.**