# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-00271-COA

ERVIN KING                                                                APPELLANT

v.

SAM GALE AND JERUSALEM BAPTIST                          APPELLEES
CHURCH

| | |
|---|---|
| DATE OF JUDGMENT: | 11/20/2012 |
| TRIAL JUDGE: | HON. EDWARD C. FENWICK |
| COURT FROM WHICH APPEALED: | KEMPER COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | ROBERT M. LOGAN JR. |
| ATTORNEY FOR APPELLEE: | GEORGE HOWARD SPINKS |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| TRIAL COURT DISPOSITION: | DISMISSED APPELLANT'S CLAIMS TO CONFIRM AND QUIET TITLE AND FOR AN EASEMENT BY IMPLICATION OR NECESSITY; DENIED APPELLANT'S CLAIM FOR A PRESCRIPTIVE EASEMENT |
| DISPOSITION: | AFFIRMED - 06/16/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**MAXWELL, J., FOR THE COURT:**

¶1.     Ervin King appeals the denial of his claims for either a prescriptive easement or easement by necessity across Sam Gale's and Jerusalem Baptist Church's properties. The evidentiary burden required to establish a prescriptive easement is high—clear and convincing evidence. And the chancellor found King failed to clearly establish the most basic principle for a prescriptive easement—use that is non-permissive. The chancellor also found King did not prove that an easement by necessity across Gale's property was, in fact,

necessary. And as to the church property, King could not meet the preliminary requirement for an easement-by-necessity claim—that his and the church's land was once commonly owned.

¶2. After review, we find the chancellor applied the law correctly and based his decision on substantial record evidence. So we affirm.

## Facts and Procedural History

### I. King's Property

¶3. King has owned a landlocked piece of property in Kemper County since 1974. Though King lives out of state, he visits the Mississippi property three to four times a year.

¶4. According to King, to get to his property, most often he would turn off Highway 39 onto Jerusalem Church Road and head south. Jerusalem Church Road runs past Jerusalem Baptist Church, which has a private drive and parking lot. Just south of the church parking lot is Sam Gale's property. And south of Gale's property lies King's. Gale's property is fenced. But sometimes, with Gale's permission, King would open Gale's gates and drive across Gale's property to get to his. Most times, however, King would park in the church parking lot, hop the fence, and then walk across Gale's property.

¶5. At other times, King would not go through Gale's property at all. Instead, he would enter his property through land belonging to another neighbor, George Follet. For example, when King harvested timber in 1985, he used Follett's property to remove the timber.

¶6. In 2004, King and Gale had a falling out. So King stopped going across Gale's

2

property and ever since has crossed Follett's.

## II. King's Lawsuit

¶7. In 2006, King sued Gale. King asked the Kemper County Chancery Court to establish a boundary line between his and Gale's properties. He also asked for an easement by necessity or prescriptive easement across Gale's land. Later, King amended his complaint, adding Jerusalem Baptist Church as a defendant. King's amended complaint sought an easement across the church's property too.

¶8. Trial began in January 2012. At the close of King's evidence, Gale and Jerusalem Baptist Church filed a motion to dismiss. *See* M.R.C.P. 41(b) (permitting the defendant, in a case tried without a jury, to file a motion to dismiss "on the ground that upon the facts and the law the plaintiff has shown no right to relief"). The chancellor partially granted the motion.

¶9. The chancellor dismissed King's claim to establish a boundary line, because he "didn't think the evidence was compelling enough." *See Buelow v. Glidewell*, 757 So. 2d 216, 220 (¶12) (Miss. 2012) (directing that a Rule 41(b) motion "should be granted if the plaintiff has failed to prove one or more essential elements of his claim or if the quality of the proof offered is insufficient to sustain the plaintiff's burden of proof"). While King presented an expert surveyor, the chancellor refused to admit some of the documents the expert relied on—namely, a twenty-year-old preliminary sketch prepared by the surveyor's predecessor and a plat the surveyor created from his predecessor's sketch.

¶10. The chancellor also dismissed King's claim for an easement by necessity across both Gale's and Jerusalem Baptist Church's properties. The chancellor found King had presented no proof of necessity against Gale. King also offered no proof his land used to be part of a common tract with the church property—an essential first step to establishing an easement by necessity.

¶11. Still, the chancellor overruled the motion to dismiss the prescriptive-easement claim. Because he could not say King failed to establish this claim, the chancellor ordered trial to continue on this remaining issue.

¶12. In his order partially granting dismissal under Rule 41(b), the chancellor used the phrase "without prejudice." But because of the confusion that phrase created, the chancellor later entered an order clarifying that, since his dismissal was based on an evaluation of the merits of King's evidence, the boundary-line claim and easement-by-necessity claims had been actually dismissed *with prejudice*. According to the chancellor, the phrase "without prejudice" merely had been used "to convey to the parties that the ruling did not prejudice the rights of each defendant to proceed with the presentation of their respective case on the only remaining issue before the court." *See* M.R.C.P. 41(b) (expressly stating that a defendant does not "waiv[e] his right to offer evidence in the event the motion is not granted").

¶13. Trial continued in November 2012. At the close, the chancellor denied King's claim for a prescriptive easement across Gale's and the church's property, finding King failed to

prove by clear and convincing evidence all six required elements of a prescriptive easement. In particular, King had failed to show his use of Gale's property had been hostile, as King himself testified he had asked for Gale's permission.

¶14. With the November 2012 order dismissing the remaining claims, both this order and the earlier Rule 41(b) order became final and appealable. And following the denial of his motion for a new trial or alteration of the judgment, King timely appealed.

¶15. On appeal, we employ a limited standard of review. We will not disturb the chancellor's findings unless the chancellor was manifestly wrong or clearly erroneous or the chancellor applied the wrong legal standard. *McNeil v. Hester*, 753 So. 2d 1057, 1063 (¶21) (Miss. 2000).

## Discussion

### I. Surveyor's Sketch and Plat

¶16. King's first argues the chancellor erred by excluding the preliminary sketch and plat offered by his expert witness, licensed surveyor Henry D. Purvis III. Gale and Jerusalem Baptist Church objected to the sketch because it had been drawn twenty years ago by another surveyor, a man Purvis had apprenticed under. And they objected to Purvis's plat because Purvis had based the plat on the sketch, not his own survey.

¶17. King claims these objections had more to do with the *weight* of this evidence, not its admissibility. He asserts the sketch and plat were business records and, thus, should have been admitted under the business-records exception to the hearsay rule. *See* M.R.E. 803(6).

5

We agree with King that there was no *hearsay* issue with the sketch and plat. *See Dillon v. Greenbrier Digging Serv., Ltd.*, 919 So. 2d 172, 175-76 (¶¶8-10) (Miss. Ct. App. 2005) (affirming the admission of an inspection report, which had been prepared by a different inspector than the one offering it into evidence, because it met the requirements of the business-record exception). And any evidentiary problems had more to do with the *weight and credibility*, not the admissibility, of this evidence.

¶18.    That said, the chancellor clearly found the sketch and plat were insufficient to establish a boundary line between the two properties. Both the admissibility and—in a bench trial like this one—evidentiary weight of the sketch and plat fell within the sound discretion of the chancellor. *Terrain Enters., Inc. v. Mockbee*, 654 So. 2d 1122, 1131 (Miss. 1995) (broad discretion vested to trial judge regarding evidentiary questions); *Murphy v. Murphy*, 631 So. 2d 812, 815 (Miss. 1994) (deferential standard of review for chancellor, who sits as the finder of fact). On appeal, our role is not to substitute our judgment for the chancellor's but instead to ask whether he abused his discretion. *See Murphy*, 631 So. 2d at 815. Further, "for a case to be reversed on the admission or exclusion of evidence, it must result in prejudice and harm or adversely affect a substantial right of a party." *Terrain Enters.*, 654 So. 2d at 1131.

¶19.    Had a trial judge excluded this evidence, preventing a jury from weighing it, such exclusion might be reversible. But here the chancellor was the fact-finder. And even had he admitted the sketch and plat, it is clear *he* found this evidence lacked sufficient weight to

6

meet King's burden to establish the boundary line. So we cannot say that his refusal to admit this evidence was reversible error.

## II.     Prescriptive-Easement Claim

¶20.    King next argues he was entitled to a prescriptive easement across both Gale's and Jerusalem Baptist Church's properties.[1]  We are mindful that the evidentiary burden to establish a prescriptive easement is high.  King had to show by clear and convincing evidence he used the church's private drive and a path across Gale's property to get to his.  *See Thornhill v. Caroline Hunt Trust Estate*, 594 So. 2d 1150, 1152 (Miss. 1992).  He also had to prove his use was (1) under claim of ownership, (2) actual or hostile, (3) open, notorious, and visible, (4) continuous and uninterrupted for a period of ten years, (5) exclusive, and (6) peaceful.  *Id.* at 1152-53 (citations omitted).

¶21.    As to Gale, the chancellor found no clear and convincing evidence of even a *road* across Gale's property—let alone clear and convincing evidence King had been using this road openly, notoriously, visibly, adversely, under a claim of ownership, exclusively, peacefully, and uninterruptedly for at least ten years.  In *Rawls v. Blakeney*, 831 So. 2d 1205,

---

[1] While Gale filed a brief in response to King's, Jerusalem Baptist Church did not. Traditionally, the "failure to file a brief [was] tantamount to a confession of error[.]" *Gary v. Gary*, 84 So. 3d 836, 838-39 (¶11) (Miss. Ct. App. 2012). But "there is an exception when this court can 'state with conviction after reviewing the record and brief of the appealing party that no error existed.'" *Id.* (quoting *Conservator of Eldridge v. Sparkman*, 813 So. 2d 753, 755 (¶7) (Miss. Ct. App. 2001)).  Because our review of the record and King's brief leaves us with the conviction no error occurred, we do not take Jerusalem Baptist Church's failure to file a brief to be a confession of error.

1209-10 (¶15) (Miss. 2002), this court affirmed the grant of prescriptive easement, in part, because the plaintiff had met the under-a-claim-of-ownership requirement by maintaining the road across her neighbor's property and keeping it from getting overgrown. Here, had there ever been a road, it is clear King never did anything to maintain it or otherwise claim ownership of an easement over the road. So we agree King's claim for a prescriptive easement to drive across Gale's property fails.

¶22. At most, the evidence showed King had used Gale's property to walk across by foot. *See Fratesi v. City of Indianola*, 972 So. 2d 38, 43 (¶14) (Miss. 2008) (noting that the scope of a prescriptive easement is limited to the adverse use). But King testified he had done so *with* Gale's permission. "[T]he rule is well settled that use by express or implied permission or license, no matter how long continued, cannot ripen into an easement by prescription[.]" *Patterson v. Harris*, 239 Miss. 774, 785, 125 So. 2d 545, 550 (1960). Based on King's own testimony, the chancellor found King's use of Gale's property was permissive and thus could not ripen into a prescriptive easement. Because we will not disturb a chancellor's finding of fact when it is supported by substantial evidence from the record, *Floyd v. Floyd*, 949 So. 2d 26, 28 (¶5) (Miss. 2007), we find King's claim for a prescriptive easement to walk across Gale's property also fails.

¶23. Against Jerusalem Baptist Church, King likewise failed to prove by clear and convincing evidence his use of the church's driveway and parking lot was under a claim of ownership and non-permissive (i.e., hostile). At most, King drove or parked on the driveway

8

four times a year. Given how the church parking lot was used, this was certainly not enough to assert a claim of ownership of an easement. As one of the church's deacons testified, King was *welcome* to use their driveway and parking lot "just like anyone else." Because King took advantage of the church's generosity, he cannot claim a prescriptive easement. *See Patterson*, 239 Miss. at 785-86, 125 So. 2d at 550 ("It is only when the use of the path or road is clearly adverse to the owner of the land, and not an enjoyment of neighborly courtesy, that the landowner is called upon 'to go to law' to protect his rights.").

### III. Easement-by-Necessity Claim

¶24. Alternatively, King claims he was entitled to an easement by necessity.

¶25. An "easement by necessity" and an "implied easement" are the same. *Delancey v. Mallette*, 912 So. 2d 483, 488 (¶13) (Miss. Ct. App. 2005) (citations omitted). "An implied easement must be continuous, apparent, permanent, and necessary." *Id.* at (¶14) (citing *Hutcheson v. Sumrall*, 220 Miss. 834, 840, 72 So. 2d 225, 227 (1954)). "Apparent" in this context "does not necessarily mean 'visible,' but includes permanent artificial structures." *Hutcheson*, 220 Miss. at 840, 72 So. 2d at 227. So "use is apparent when it may be discovered upon reasonable inspection." *Id.*

¶26. While the chancellor provisionally dismissed[2] King's claim of an easement by necessity months before he ruled on the prescriptive-easement claim, his findings from the

_____

[2] Under Mississippi Rule of Civil Procedure 54(b), an order that disposes of less than all claims is not final, unless certified as such, and thus "is subject to revision at any time before the entry of [a] judgment adjudicating all claims[.]"

prescriptive-easement hearing reinforce the earlier conclusion that King failed to establish an easement by necessity across Gale's property. Again, the chancellor found scant evidence of the alleged dirt road used in the decades after King's property was severed and became landlocked. So there was no "apparent" easement. And even had there once been a road, it appeared to have been grown over, meaning there was also no "continuous" and "permanent" easement. Finally, based on the chancellor's findings, there was no "necessary" easement. In other words, it is not necessary for King to cross Gale's property to enjoy his property. King testified he quit crossing Gale's property after their dispute in 2004, opting instead to cross Follett's property to get to his. But even before this, King sometimes circumvented Gale's property, choosing to cross Follett's property instead. Specifically, King went over Follett's and another neighbor's land when removing timber back in 1985.

¶27.    King also failed to establish an easement by necessity across Jerusalem Baptist Church's property. "[A]s an initial first step," King had to "show that the tract that is blocked in its access to a public road was once joined with the tract over which access is allegedly necessary." *Delancey*, 912 So. 2d at 488 (¶14) (citing *Dieck v. Landry*, 796 So. 2d 1004, 1008 (¶13) (Miss. 2001)). And King did not prove this first step. While King's expert testified the two tracts were in the same section, he did not testify they were commonly owned. Nor do the title documents support King's claim of common ownership. Rather, one of the church's deacons testified the church obtained its tract of land decades before King's parcel became severed and landlocked. *See id.*

10

¶28. For these reasons, we affirm the chancellor's order dismissing King's claim for an easement by necessity.

¶29. In light of Judge James's separate opinion, we explain why our decision to affirm is necessarily *with prejudice*. As the chancellor acknowledged in his amended Rule 41(b) order, his use of the phrase "without prejudice" was a mistake. It was not meant to convey that he was dismissing King's easement-by-necessity claim on the pleadings, without delving into the evidence. *See* M.R.C.P. 12(b)(6). Instead, as the chancellor expressed in his amended order, his Rule 41(b) ruling was an adjudication on the merits, entered after King "completed the presentation of his evidence." *See* M.R.C.P. 41(b).

¶30. Apparently King was satisfied by this explanation. Nowhere in his brief does he ask that if we affirm his already-denied easement-by-necessity claim that we do so "without prejudice." And King is not seeking an opportunity to refile his easement-by-necessity claim. Nor could he be afforded a do over. Because the chancellor's order was a final ruling on the merits, the doctrine of res judicata bars him from relitigating his easement-by-necessity claim. *See Harrison v. Chandler-Sampson Ins.*, 891 So. 2d 224, 232 (¶23) (Miss. 2005).

¶31. **THE JUDGMENT OF THE CHANCERY COURT OF KEMPER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, CARLTON AND FAIR, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION. IRVING, P.J., NOT PARTICIPATING.**

**JAMES, J., CONCURRING IN PART AND DISSENTING IN PART:**

¶32.    I agree with the majority opinion that the circuit did not err in denying King's claim to a prescriptive easement. However, excluding the survey plat from evidence and changing the dismissal of the easement by necessity from a dismissal without prejudice to a dismissal with prejudice resulted in an abuse of discretion. Therefore, I respectfully dissent.

### Denial of Survey Plat into Evidence

¶33.    King argues that the sketch of the survey plat should have been admitted into evidence because it was a part of regularly kept business records, an exception to the hearsay rule. King contends that because Henry D. Purvis III was qualified as an expert witness by the trial court and the successor to the surveying business, the plat should have been introduced by his testimony. According to King, Purvis's testimony about the sketch concerned a regularly kept business record, confirming its accuracy.

¶34.    An appellate court reviews "a trial court's exclusion of evidence under an abuse-of-discretion standard, and where [it] find[s] a trial court has erred, [it] will not reverse unless the error adversely affects a party's substantial right." *Heflin v. Merrill,* 154 So. 3d 857, 860 (¶9) (Miss. 2014)**.** **"**Relevancy and admissibility of evidence are largely within the discretion of the trial court, and the trial court's decision will only be reversed where that discretion has been abused." *In re Dissolution of Marriage of Spriggs,* 149 So. 3d 517, 526 (¶39) (Miss. Ct. App. 2014) (citing *Terrain Enters. Inc. v. Mockbee,* 654 So. 2d 112, 1128 (Miss. 1995)).

¶35.    Also, we have previously stated:

12

> Mississippi Rule of Evidence 801(c) defines hearsay as[] "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The threshold question when addressing a hearsay issue is whether the statement is actually hearsay.

*Blakeney v. State,* 39 So. 3d 1001, 1010 (¶26) (Miss. Ct. App. 2010). Purvis referred to the survey plat sketch that was prepared by Purvis's predecessor before his death, making the plat hearsay. King attempted to use the plat as evidence of the existence of the boundary lines between his and Gale's properties. "Hearsay evidence is inadmissible unless it falls within one of the known exceptions." *Miss. Gaming Comm'n v. Freeman,* 747 So. 2d 231, 242 (¶42) (Miss. 1999).

¶36.    King claims the sketch falls under the business-records exception. In order to establish the foundational requirements for admitting evidence under the business-record exception, the following elements are required:

> 1) the statement is in written or recorded form; 2) the record concerns acts, events, conditions, opinions or diagnoses; 3) the record was made at or near the time of the matter recorded; 4) the source of the information had personal knowledge of the matter; 5) the record was kept in the course of regular business activity; and 6) it was the regular practice of the business activity to make the record.

*Dillon v. Greenbriar Digging Serv. Ltd.,* 919 So. 2d 172, 175 (¶8) (Miss. Ct. App. 2005) (citing *Flowers v. State,* 773 So. 2d 309, 322 (¶72) (Miss. 2000)). Although the plat satisfies several requirements, it does not fulfill all of them. When testifying, Purvis admitted that although he was working with the surveyor who was the author of the sketch, he was "working on the rod" and was an apprentice at the time the sketch was made. It is unclear

whether or not Purvis had personal knowledge of what was contained in the sketch. The trial court did not abuse its discretion when it disallowed the admission of the survey into evidence and dismissed the easement by necessity without prejudice. However, to disallow the survey and dismiss the easement with prejudice results in an abuse of discretion. It is clear that it was within the chancellor's discretion to allow the admission of the evidence. The dismissal with prejudice resulted in harm or prejudice to King, and it adversely affected his substantial rights. This constitutes reversible error. *See Terrain Enters.,* 654 So. 2d at 1131.

**Easement by Necessity**

¶37. King argues that, other than Gale's property, there were no practical ways to gain access to the public road. King contends that the other proposed ways to gain access to a public road were impractical because they were heavily wooded and had large ditches.

¶38. "A claimant seeking an easement by necessity has the burden of proof and must establish that he is entitled to a right of way across another's land." *Fike v. Shelton,* 860 So. 2d 1227, 1230 (¶11) (Miss. Ct. App. 2003) (citing *Broadhead v. Terpening,* 611 So. 2d 949, 954 (Miss. 1992)). King "must demonstrate strict necessity and is required to prove there is no other means of access." *Id.* An easement by necessity may be established by proving reasonable necessity instead of absolute necessity. *Evanna Plantation Inc. v. Thomas,* 999 So. 2d 442, 446 (¶12) (Miss. Ct. App. 2009). In order to determine what is reasonably necessary, "the operative consideration is 'whether an alternative would involve

14

disproportionate expense and inconvenience.'" *Id.*

¶39.    Since 2003, King had not used the easement, yet King continued to visit the property by crossing another neighbor's property.  We have previously stated that "an easement by necessity will not be awarded when the only evidence presented was that an alternative route would be longer and less convenient.  Where one seeks to obtain a 'way of access' easement by necessity[,] but submits no evidence as to the allegedly higher costs of an alternative route, a trial court will not err in declining to award an easement."  *Harkness v. Butterworth Hunting Club Inc.,* 58 So. 3d 703, 708 (¶14) (Miss. Ct. App. 2011).  King does not offer sufficient evidence of any additional costs or impractical alternative routes.  Therefore, I find that the trial court did not err in refusing to establish an easement by necessity.

¶40.    However, the easement by necessity also failed because the survey was not admitted into evidence and no alternative route was shown along with the expenses for creating the route.  The chancellor abused his discretion in attempting to dismiss the easement by necessity with prejudice after he initially dismissed the easement by necessity without prejudice.  As persuasive authority, in the case of *Hutchinson v. City of Madison,* 987 N.E.2d 539 (Ind. Ct. App. 2013), the court allowed a dismissal without prejudice to allow the City to include an appraisal of the real property in order to refile its condemnation proceeding.  Hutchinson argued that the counterclaim should be dismissed with prejudice because the hearing was an adjudication on the merits.  The judge stated, "We are not convinced that the failure to comply with Indiana Code Section 32-24-1-3(c) forever bars the state from

acquiring property." *Id.* at 542. Chancellors have broad discretion to fashion remedies to avoid an inequitable dilemma. *Borne v. Estate of Carraway,* 118 So. 3d 571, 592 (¶65) (Miss. 2013). In *Mississippi State Highway v. Morgan,* 248 Miss. 631, 638, 160 So. 2d 77, 80 (1964), the Court held that the highway commission abused its discretion in seeking to condemn an easement, and the judgment of the circuit court was affirmed without prejudice to any other rights or remedies, if any, which might be asserted by the parties. It should be noted, however, that the subject of this case is a condemnation proceeding by the State. I do not see why the same logic should not be applied to individuals in cases where injustice would result. If King is not allowed to refile his complaint to pursue his petition for an easement by necessity, his property will remain landlocked.

¶41. In the court's order dated June 29, 2012, the court entered its Order on Plaintiff's Motion to Dismiss and for Withdrawal of Motion for New Trial as to the easement by necessity. In this order, the court also set the hearing on the prescriptive easement for November 5, 2012. In the court's order, the court changed its order from a dismissal of the easement by necessity without prejudice to a dismissal with prejudice, which would leave King without a remedy. Also, I note that under Mississippi Rule of Civil Procedure 52(b) a judgment must be amended within ten days of the Mississippi Rule of Civil Procedure 41(b) dismissal. The order of dismissal without prejudice was signed on January 30, 2012, and filed on February 1, 2012. The judge labeled the change as a clarification, but it was in

16

the nature of an amendment.[3]  The amendment was done outside of the ten-day period as required by the rule.

¶42.    The majority opinion states that the petition should be dismissed without prejudice. However, as previously stated, the judgment must be amended within ten days pursuant to Rule 52(b).  Also, our courts have established precedence in affirming judgments without prejudice.  *See Pierce v. State,* 811 So. 2d 395, 397 (¶7) (Miss. 2001).

¶43.    Also, it is noted that in King's motion to dismiss and for withdrawal of the motion for a new trial, King stated:

> Plaintiff would show that it is his desire to withdraw his motion for new trial and allow the Court's ruling of January 30, 2012[,] to stand, provided all other issues in the Plaintiff's complaint and amended complaints are dismissed without prejudice.

King relied on the judge's order that he was dismissing the easement by necessity without prejudice.  The majority opinion states that Rule 54(b) allows an order to be revised at any time before the judgment adjudicating all of the claims.  This is true for a revision.  However, the trial court dismissal with prejudice was a substantial amendment that prejudiced the Appellant.[4]

---

[3] "An amended judgment refers to a trial court correcting a substantive error in an original judgment. . . . [A]n amended judgment should be issued within 10 days of the original judgment." http://definitions.uslegal.com/a/amended-judgment/ (citing Fed. R. Civ. P. 59(e)).

[4] "Revise - a reexamination or careful review for conclusion or improvement.  A revision can occur only if it will not materially prejudice the accused."  Black's Law Dictionary 1434 (9th ed. 2009).

¶44.    As a result, I would reverse the dismissal of the easement by necessity with prejudice, and affirm the dismissal of the easement by necessity without prejudice to King's right to file a petition for an easement by necessity.