# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01668-COA

**WADE H. HARDY JR. AND NORMA F. HARDY**  APPELLANTS

**v.**

**GENE WILLIAM HARDY, HILDA M. HARDY,**  APPELLEES
**FRANK LEE CONWAY JR., KAREN H.**
**CONWAY AND JULIE LIVILLE**

DATE OF JUDGMENT:        10/11/2016
TRIAL JUDGE:        HON. ROBERT Q. WHITWELL
COURT FROM WHICH APPEALED:   MARSHALL COUNTY CHANCERY
          COURT
ATTORNEY FOR APPELLANTS:    KENT E. SMITH
ATTORNEY FOR APPELLEES:    JENNIFER LEE SHACKELFORD
NATURE OF THE CASE:      CIVIL - REAL PROPERTY
DISPOSITION:        AFFIRMED - 03/27/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND TINDELL, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.   Wade H. Hardy Jr. (Hamp) and his wife Norma appeal the Marshall County Chancery

Court's decision to deny an easement by necessity to use Gene Hardy's portion of Hardy

Lane.  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.   In 1958, W.H. Hardy acquired title to an eighty-acre parcel of land in Marshall

County, Mississippi.  In 1977, his sons Hamp and Gene, along with their wives, purchased

the eighty-acre parcel.  In February 1992, Hamp and Gene divided the eighty-acre parcel

equally between themselves into two forty-acre parcels.   They used a road designated as

"Hardy Lane" as the access point to the properties. Although the road is reflected on the Marshall County tax map, the county never adopted Hardy Lane as a county road or maintained or improved it. The parties and their families lived on these two forty-acre parcels and all mutually used Hardy Lane as the ingress and egress to their homes.

¶3. In 2006, Hamp and Norma moved to Aberdeen. Until that time, they had used Hardy Lane daily without incident for access to their "home place," which refers to their home, shop, barn, silo, and RV cover positioned on their parcel. For several years after they moved, Hamp would return twice monthly to mow and otherwise maintain the property. However, due to expense and travel, Hamp discontinued visits to or maintenance of his parcel, and the land became overgrown. Eventually, Hamp expressed his desire to sell his land. To obstruct the road from use by any potential buyers, Gene parked his tractor at the end of his driveway, in the middle of Hardy Lane. Gene never denied Hamp or Norma access down Hardy Lane, but Gene expressly stated he would not grant an easement to any potential buyers. Hamp maintained that he needed the easement providing access to the home place in order to sell the land.

¶4. Hamp and Norma filed suit in chancery court seeking an order declaring them the owners of an implied easement or easement by necessity.[1] After a bench trial, the chancellor held, "in this case . . . there is an alternative route that [Hamp] can use and get to his property and, therefore, this is not an easement by necessity." Hamp and Norma now appeal.

---

[1] Hamp and Norma also sought to establish a prescriptive easement, which the chancellor denied. However, Hamp and Norma do not appeal the chancellor's decision denying the prescriptive easement.

2

## STANDARD OF REVIEW

¶5.     This Court "will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong or clearly erroneous, or applied an erroneous legal standard." *Smith v. Pettigrew*, 223 So. 3d 173, 176 (¶13) (Miss. Ct. App. 2017) (quoting *Wilburn v. Wilburn*, 991 So. 2d 1185, 1190 (¶10) (Miss. 2008)).  We review questions of law de novo. *Id*.

## DISCUSSION

¶6.     Hamp argues the chancellor erred by failing to find an easement by necessity or an implied easement over Hardy Lane.  Hamp argues that (1) the chancellor applied the wrong legal standard and (2) that Hamp proved all the elements of an easement by necessity.

¶7.     "An 'easement by necessity' and an 'implied easement' are the same." *King v. Gale*, 166 So. 3d 589, 594 (¶25) (Miss. Ct. App. 2015).  "A claimant seeking an easement by necessity has the burden of proof and must establish that he is entitled to a right of way across another's land." *Davidson v. Collins*, 195 So. 3d 825, 827 (¶11) (Miss. Ct. App. 2015) (quoting *King*, 166 So. 3d at 597 (¶38)).  "An easement by necessity requires proof that (1) the easement is necessary; (2) the dominant and servient estates were once part of a commonly owned parcel; (3) the implicit right-of-way arose at the time of severance from the common owner." *Borne v. Estate of Carraway*, 118 So. 3d 571, 584 (¶34) (Miss. 2013).  "To satisfy this burden, [the claimants] must show strict necessity; that they possess no other means of access to their property." *Haik v. Gammill*, 122 So. 3d 771, 778 (¶26) (Miss. Ct. App. 2013).

3

¶8. It is undisputed that the parties to this appeal hold land derived from a once commonly owned eighty-acre parcel. The parties also agree that Hardy Lane was used as the access point for ingress and egress to Hamp's home place after the eighty-acre tract was severed. The parties disagree, however, regarding whether the easement is necessary. Hamp argues that the chancery court erred by holding him to a standard of strict necessity instead of reasonable necessity.

¶9. For support, Hamp cites *Fourth Davis Island Land Co. v. Parker*, 469 So. 2d 516 (Miss. 1985), arguing that "an easement would be granted if it were highly convenient or essential to the full enjoyment of the land." Hamp contends that the easement is highly convenient and essential to the full enjoyment of the home place—not just the land. However, the supreme court in *Fourth Davis Island* acknowledged the distinction "between ways of necessity, which require strict necessity for their creation and implied easements of things not strictly necessary, but highly convenient or essential to the full enjoyment of the land"—such as utility easements. *Id*. at 520 (citing *Bonelli Bros. v. Blakemore*, 66 Miss. 136, 5 So. 228 (1888)).

¶10. In *Harkness v. Butterworth Hunting Club Inc*., 58 So. 3d 703, 707 (¶12) (Miss. Ct. App. 2011), this Court recognized that the supreme court in *Fourth Davis Island* "held that there is one standard of proof that applies to an attempt to obtain an implied easement for utility services, and a different standard of proof that applies to an attempt to obtain an implied easement for the purpose of ingress and egress over another landowner's property." This Court further recognized that "one must prove strict necessity to obtain an implied

4

easement involving a 'way of necessity.'" *Id*. In doing so, this Court acknowledged its previous "misapplications of the supreme court's decisions," where we applied the reasonable-necessity standard to ways-of-necessity easements. *Id*. *Harkness* thereby abrogated *Daley v. Hughes*, 4 So. 3d 364 (Miss. Ct. App. 2008); *Sturdivant v. Todd*, 956 So. 2d 977 (Miss. Ct. App. 2007); *Swan v. Hill*, 855 So. 2d 459 (Miss. Ct. App. 2003); and *Miss. Power Co. v. Fairchild*, 791 So. 2d 262 (Miss. Ct. App. 2001).

¶11. Hamp claims that he has a necessary right of way over Hardy Lane for access to his home place; thus the instant case involves a claim for a way of necessity—not an easement for utilities. The strict-necessity standard applies.

¶12. At trial, Hamp testified there was, in fact, another access to his forty acres—an unnamed driveway from Highway 309 put in by his son. Hamp complained, however, that this access point was one-half mile farther north and only provided access to his property and not to his home place. Hamp's wife Norma testified that the route from the north was not passable because there were trees, ditches, and it was overgrown. The chancellor personally visited the land and opined that the unnamed access road went across almost sixty percent of the property and that it would be feasible to make a road to the home place. The chancellor found that the easement over Hardy Lane was not necessary because Hamp had an alternative means of access to his land.

¶13. Nevertheless, Hamp argues that the easement is necessary because improving or extending the unnamed access road would involve disproportionate expense and that such a project would exceed the value of the land. Hamp testified that extending or improving the

5

unnamed access road to the home place would be cost prohibitive. Yet, Hamp did not present any evidence regarding the value of the land or costs of establishing a road on the alternative route. "Where one seeks to obtain a 'way of access' easement by necessity but submits no evidence as to the allegedly higher costs of an alternative route, a trial court will not err in declining to award an easement." *Swenson v. Brouillette*, 163 So. 3d 957, 965 (¶29) (Miss. Ct. App. 2014) (quoting *Harkness*, 58 So. 3d at 708 (¶14)). "Simply stating that it would appear to be 'very expensive' to access property by some other means is not sufficient." *Id*. Hamp's claim that the alternative route would be cost prohibitive was not supported and thus not sufficient.

¶14.    The chancellor's finding that the easement was not necessary because Hamp had an alternative means of access to his land is supported by substantial and credible evidence. Furthermore, Hamp presented no evidence regarding allegedly higher costs of an alternative route. Therefore, we affirm the chancellor's decision declining Hamp an easement by necessity over Hardy Lane.

¶15.    **AFFIRMED.**

**IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, WESTBROOKS AND TINDELL, JJ., CONCUR. GREENLEE, J., NOT PARTICIPATING.**