# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-00929-COA

**C.D. PICKLE, JR. A/K/A CLANTON D. PICKLE, JR. A/K/A C.D. PICKLE**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/01/2022 |
| TRIAL JUDGE: | HON. RICHARD A. SMITH |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | C.D. PICKLE JR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/01/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., GREENLEE, WESTBROOKS AND McDONALD, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     C.D. Pickle Jr. appeals from the Leflore County Circuit Court's order denying his motion to vacate his criminal sentence. We affirm the circuit court's judgment.

## FACTS AND PROCEDURAL HISTORY

¶2.     "Pickle, a sixteen year old, was arrested [in November 1974] for . . . capital murder . . . while committing the crime of rape." *Pickle v. State* (*Pickle I*), 791 So. 2d 204, 205 (¶2) (Miss. 2001). "He was convicted and sentenced to death . . . ." *Id.* After he appealed his conviction, our supreme court reversed and remanded the case for a new trial. *Id.*

¶3.     In 1978, Pickle was convicted again of capital murder and was sentenced to "life in prison." *Id.* at (¶3). Pickle has since filed numerous motions attacking his conviction and

sentence. *Pickle v. State* (*Pickle II*), 306 So. 3d 771, 773-74 (¶¶2-4) (Miss. Ct. App. 2020) (discussing the procedural history of Pickle's extensive court filings); *see also Pickle v. State* (*Pickle III*), 351 So. 3d 464 (Miss. Ct. App. 2022).

¶4.     In July 2022, Pickle filed a motion in the circuit court to vacate his sentence. He claimed (1) he was illegally sentenced, and (2) he is entitled to a resentencing hearing under *Miller v. Alabama*.[1]  The circuit court denied Pickle's motion, and this appeal followed.

## STANDARD OF REVIEW

¶5.     When reviewing a circuit court's denial of a PCR motion, this Court "will only disturb the circuit court's factual findings if they are clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Pickle III*, 351 So. 3d at 467 (¶6) (quoting *Nance v. State*, 327 So. 3d 1089, 1092 (¶12) (Miss. Ct. App. 2021)).

## DISCUSSION

### I.     Illegal Sentence

¶6.     Pickle claims on appeal, as he did in his motion to vacate, that he was illegally sentenced. "Upon its enactment on April 17, 1984, the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA) created a three-year period for movants to seek relief for convictions that occurred prior to the UPCCRA." *Pickle II*, 306 So. 3d at 774 (¶6) (citing *Truitt v. State*, 878 So. 2d 244, 245 (¶3) (Miss. Ct. App. 2004)).  Because Pickle's motion was filed over thirty years after the time period for seeking relief had expired, his motion is time-barred. Several "fundamental-rights exceptions have been expressly found to survive

---

[1] *Miller v. Alabama*, 567 U.S. 460 (2012) (prohibiting mandatory life-without-parole sentences for juveniles).

procedural bars," including "the right to be free from an illegal sentence . . . ." *Creel v. State*, 305 So. 3d 417, 421 (¶9) (Miss. Ct. App. 2020). However, the Mississippi Supreme Court recently overruled precedent applying "the judicially crafted fundamental-rights exception" to "the substantive, constitutional bars codified by the Legislature in the [UPCCRA]." *Howell v. State*, 358 So. 3d 613, 615-16 (¶¶8, 12) (Miss. 2023).

¶7.     In his reply brief, Pickle seemingly argues that there is no evidence that his motion is time-barred. However, the record contains the "minutes of the court" from 1978, which provide, in relevant part:

> The defendant, C.D. Pickle, Jr., having been convicted on the charge of Capital Murder, and [t]his cause continuing to be heard on the punishment phase of the trial, . . . [the jury] returned into open [c]ourt in the presence of the defendant and his attorney the following verdict
>
> "We, the Jury, find that the defendant should be sentenced to imprisonment for life in the Penitentiary."
>
> . . . .
>
> IT IS, THEREFORE, CONSIDERED by the [c]ourt and SO ORDERED, that for the crime of Capital Murder of which . . . Pickle . . . stands convicted . . . that he be taken . . . to the Jail of Leflore County, Mississippi, there to remain until called for by the State Warden and by him conveyed to the State Department of Corrections at Parchman, Mississippi, there to remain for and during his natural LIFE.

Additionally, we take judicial notice of this Court's own published opinion finding that another PCR motion filed by Pickle was time-barred, "as reflected by [his] extensive history of . . . numerous court filings[.]" *Pickle III*, 351 So. 3d at 467 (¶6).

¶8.     Pickle also argues that the supreme court's recent holding in *Howell* cannot be applied "retroactive[ly]." In other words, Pickle seemingly argues that because his motion to vacate

3

was filed and decided before the supreme court's decision in *Howell*, the ruling in *Howell* should not apply to him. Pickle does not cite authority in support of this argument; therefore, it is procedurally barred. *Williams v. State*, 334 So. 3d 177, 184 (¶23) (Miss. Ct. App. 2022) ("[I]t is the duty of the appellant to provide authority in support of an assignment of error, and the failure to do so is a procedural bar on appeal." (internal quotation marks omitted)).

¶9. Despite the statutory bar, Pickle's claim that his sentence is illegal is without merit. At the time, Mississippi Code Annotated section 97-3-21 (Supp. 1974) provided: "Every person who shall be convicted of murder shall be sentenced by the court to imprisonment for life in the state penitentiary. Every person who shall be convicted of capital murder shall be sentenced by the court to death." Because Pickle was sentenced to imprisonment for life, his sentence is not illegal. *See Williams v. State*, 159 So. 3d 1195, 1197 (¶8) (Miss. Ct. App. 2015) ("[A]n illegal sentence is one which exceeds the statutory maximum.").

## II. *Miller* **Hearing**

¶10. Next, Pickle claims that he is entitled to a resentencing hearing under *Miller v. Alabama* because he was a juvenile when he committed capital murder in this case. Although Pickle was sentenced to "life" in prison, and not "life without parole," he argues that his sentence was tantamount to a sentence of life imprisonment without parole eligibility.

¶11. There is a statutory exception to the three-year PCR bar in cases "in which the petitioner can demonstrate . . . [t]hat there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not

4

reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence[.]" Miss. Code Ann. § 99-39-5(2)(a)(i) (Rev. 2020). In 2012, in *Miller v. Alabama*, the United States Supreme Court held that mandatory life-without-parole sentence for juveniles violates the Eighth Amendment to the United States Constitution. *Miller*, 567 U.S. at 470. Therefore, Pickle's claim that he is entitled to a resentencing hearing under *Miller v. Alabama* is not barred, and we address the merits of his claim.

¶12. In support of his argument, Pickle cites *Parker v. State*, 119 So. 3d 987 (Miss. 2013). In *Parker*, the defendant "was fifteen at the time of his conviction for murder" in 2011. *Id*. at 990, 996 (¶¶5, 21). His sentencing order provided, in relevant part, "[T]he defendant is sentenced to serve the rest of his natural life in prison in the custody of the [MDOC]." *Id*. at 996 (¶21). Our supreme court noted that "[a]t first blush, Parker's sentence might seem distinguishable from *Miller* because [the sentencing statute] neither mandate[d], nor ma[de] any provision allowing for, a sentence of 'life without the possibility of parole.'" *Id*.; Miss. Code Ann. § 97-3-21 (Rev. 2006) ("Every person who shall be convicted of murder shall be sentenced by the court to imprisonment for life in the State Penitentiary."). Parker, however, asserted that "a plain reading of the parole statute, Mississippi Code Section 47-7-3, render[ed] his life sentence 'tantamount to life without parole.'" *Parker*, 119 So. 3d at 996 (¶22). At the time, the parole statute stated, in relevant part, that "[e]very prisoner who has been convicted of any offense . . . and is confined in the execution of a judgment for such

5

conviction in the Mississippi Department of Corrections . . . for the term of his or her natural life . . . [and] has served not less than ten (10) years of such life sentence, may be released on parole . . . ." Miss. Code Ann. § 47-7-3(1) (Rev. 2011). Except subsection (h) read, "No person shall be eligible for parole who is convicted . . . except that an offender convicted of only nonviolent crimes after June 30, 1995 may be eligible for parole . . . . '[N]onviolent crimes' means a felony other than homicide . . . ." Miss. Code Ann. § 47-7-3(1)(h) (Rev. 2011). The supreme court noted that "if Section 47-7-3(1)(h) is enforced, as it presently reads, Parker will not be eligible for parole." *Parker*, 119 So. 3d at 997 (¶22). Further, "[t]he legislative mandates, when read together, are tantamount to life without parole and fail to consider Parker's youth." *Id.*

¶13. We previously discussed that Pickle was convicted of capital murder and sentenced under section 97-3-21 (Supp. 1974), which set forth a sentence of life imprisonment for murder and a sentence of death for capital murder. Pickle, however, was sentenced to remain in the custody of the Mississippi Department of Corrections "for and during his natural life."

¶14. Unlike Parker who was convicted of murder, Pickle was convicted of capital murder. With respect to capital offenders, the parole statute provides, "No person sentenced for the following offenses shall be eligible for parole: . . . (ii) Any offense to which an offender is sentenced to life imprisonment under the provisions of Section 99-19-101[.]" Miss. Code Ann. § 47-7-3(1)(c) (Supp. 2021).[2] However, the statute also provides, "The amendments

---

[2] Mississippi Code Annotated section 99-19-101 (Rev. 2020) allows for a jury to determine punishment in capital cases in a separate sentencing proceeding where aggravating and mitigating circumstances are considered. In this case, a jury determined Pickle's sentence after hearing arguments on the mitigating and aggravating circumstances.

contained in Chapter 479, Laws of 2021 shall apply retroactively from and after July 1, 1995." Miss. Code Ann. § 47-7-3(8). Additionally, since the 2013 decision in *Parker*, the parole statute has been amended to include parole eligibility for not only certain nonviolent crimes but also certain violent crimes and nonviolent and nonhabitual drug offenses. *See* Miss. Code Ann. § 47-7-3(1)(h)(i). However, parole eligibility under subsection (1)(h)(i) is also limited to offenses committed after June 30, 1995.

¶15. Pickle committed capital murder and was convicted and sentenced well before 1995. Our supreme court has noted that "[p]rior to July 1, 1995, most offenders convicted of felonies and sentenced to a term of incarceration of one (1) year or more, were allowed to be eligible for parole after serving twenty-five percent (25%) of their sentence pursuant to Miss. Code Ann. § 47-7-3 (Supp. 1993)." *Puckett v. Abels*, 684 So. 2d 671, 672 (Miss. 1996). Additionally, Pickle previously has petitioned the parole board for parole but, according to Pickle, was denied for the following reasons: insufficient time served, the serious nature of the offense, and lack of willingness and ability to fulfill the obligation of a law-abiding citizen. *See also Pickle v. Miss. State Parole Bd.*, 850 So. 2d 195, 195 (¶1) (Miss. Ct. App. 2003). He was not denied parole on the basis that the parole statute rendered him ineligible for parole.

¶16. The holding in *Miller v. Alabama* applies to "the mandatory imposition of life without parole for crimes committed before the offender turned eighteen." *McGilberry v. State*, 292 So. 3d 199, 200 (¶2) (Miss. 2020). Because Pickle's sentence is not a sentence of life without parole or tantamount to a sentence of life imprisonment without parole eligibility,

he is not entitled to resentencing under *Miller v. Alabama*.

¶17.  **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, McCARTY AND SMITH, JJ., CONCUR. EMFINGER, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. LAWRENCE, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**